http://www.va.gov/vetapp16/Files4/1634361.txt

Citation Nr: 1634361 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 13-25 109 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, other than depression.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

C. Samuelson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from May 1979 to August 1981. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in October 2011 by the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah.

The Veteran claimed separate issues of entitlement to service connection for PTSD and depression. Claims of service connection for psychiatric disability encompass claims for all psychiatric disorders that are reasonably raised by the record. Clemons v. Shinseki, 23 Vet. App. 1 (2009). Therefore, the Veteran's claim encompasses any psychiatric diagnoses during the appeal period. As a May 2015 rating decision granted service connection for depression, the Board has recharacterized the issue accordingly as reflected on the title page. 

The Veteran testified at a hearing before a Decision Review Officer in June 2013, and before the undersigned in a videoconference hearing in October 2014. Subsequent to the Board hearing, the Veteran submitted additional evidence through his representative. An automatic waiver of RO consideration applies to claims where the substantive appeal was filed on or after February 2, 2013, if evidence is received from the appellant or the appellant's representative. As the Veteran's substantive appeal was filed in August 2013, the Board may properly consider the newly received evidence. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1304 (2015). 

In January 2015, September 2015, and January 2016, the Board remanded the claim for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In January 2015, September 2015 and January 2016, the Board remanded the Veteran's claim for service connection for an acquired psychiatric disorder, other than depression, to obtain outstanding treatment records from Ogden Community-Based Outpatient Clinic (CBOC) that are relevant to the Veteran's mental health. At the October 2014 Board hearing, the Veteran testified that he received psychiatric treatment at the Ogden, Utah VA CBOC. The Appeals Management Center requested these records in April 2016. However, these records are not contained in the claims file, nor has a negative response in writing been associated with the Veteran's claims file. Therefore, it cannot be concluded that the Board's prior request to obtain the Veteran's outstanding treatment records has been fully addressed. The Veteran is entitled to substantial compliance with the Board's September 2015 remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Accordingly, this will require a remand.

In January 2015, September 2015 and January 2016, the Board remanded the Veteran's claim for service connection for an acquired psychiatric disorder, other than depression, to obtain outstanding treatment records from the Food and Care coalition in Provo, Utah. At the October 2014 Board hearing, the Veteran testified that he was treated at the Food and Care Coalition in Provo, Utah. The claims file contains an April 2015 general release for the VA to obtain records from the Food and Care Coalition from May 2014 to April 2015, but the general release is not signed by the Veteran. In a January 2016 letter, the Veteran was asked to complete an authorization form to enable the VA to request the Veteran's records from Food and Care Coalition in Provo, Utah. However, the authorization form was not completed by the Veteran. These records are not contained in the claims file, nor has a negative response in writing been associated with the Veteran's claims file. On remand, these records should also be requested.

Additionally, in June 2016, the Veteran submitted a psychological report from a private physician, Dr. Swaner, which showed diagnoses of posttraumatic stress disorder, social anxiety disorder, bipolar disorder, attention deficit hyperactivity disorder, and personality disorder with paranoid, anti-social and avoidant characteristics.

In light of the additional treatment records, a VA addendum opinion is warranted on whether the Veteran has an acquired psychiatric disorder, other than depression; and if so, whether it is at least as likely as not that the acquired psychiatric disorder found to be present is related to or had its onset in service.

Finally, the Veteran may have received additional treatment in the intervening time. Therefore, on remand, any outstanding VA and non-VA records pertaining to his acquired psychiatric disorder, other than depression, that are not already of record should be obtained for consideration in his appeal.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and ask that he identify any outstanding VA and non-VA records pertaining to his acquired psychiatric disorder, other than depression, that are not already of record. The RO should take appropriate measures to request copies of any outstanding records of pertinent VA or private medical treatment and associate them with the claims file. Any negative response should be in writing and associated with the claims file. This should specifically include records from the Ogden CBOC from 2007 and/or 2008 that are relevant to the Veteran's mental health. 

2. After obtaining any necessary authorization, request treatment records from Food and Care Coalition in Provo, Utah. The AOJ must make two attempts for the relevant private treatment records or make a formal finding that a second request for such records would be futile. See Pub. L. No. 112-154, § 505, 126 Stat. 1165, 1193 (2012). All development efforts should be associated with the claims file. The Veteran should be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. Notify the Veteran that he may submit lay statements from himself as well as from individuals, such as friends and family members, who have first-hand knowledge and/or were contemporaneously informed of the onset and/or recurrence of his acquired psychiatric disorder, other than depression, symptoms during and/or since service. He should be provided an appropriate amount of time to submit this lay evidence.

4. After completing the above and associating any additional treatment records with the claims file, send the Veteran's claims file to the examiner who conducted the March 2015 VA psychiatric examination or the examiner who provided the October 2015 and April 2016 VA addendum opinions, or if neither examiner is available longer available, a suitable replacement, to request that the examiner review the claims file and prepare an addendum to the March 2015 PTSD examination report and October 2015 and April 2016 addendum opinions in light of the newly received treatment records. The examiner should:

a. Identify all psychiatric disabilities found to be present since September 2011. A diagnosis of PTSD should be ruled in or excluded.

b. State whether it is at least as likely as not that any acquired psychiatric disorder, other than depression, is related to or had its onset in service. The Veteran's reported stressors, including his report of an in-service personal assault, must be addressed.

The examiner must acknowledge the psychological report from Dr. Swaner submitted by the Veteran in June 2016 showing diagnoses of posttraumatic stress disorder, social anxiety disorder, bipolar disorder, attention deficit hyperactivity disorder, and personality disorder with paranoid, anti-social and avoidant characteristics. A complete rationale for the conclusions reached should be set forth. 

5. Then readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, furnish a supplemental statement of the case and an opportunity to submit written or other argument in response before the claims file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).